**Catherine T. STOUTT, Plaintiff,**

v.

**SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Defendant.**

**No. 84–8555–CIV–GONZALEZ.**

United States District Court, S.D. Florida, N.D.

Dec. 7, 1984.

that shorthand notes for this period in 1970 were destroyed in *January 1984.*

Catherine Brunson, Delray Beach, Fla., for plaintiff.

Keith Kochler and Harris Anthony, Atlanta, Ga., for defendant.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the defendant's motion for partial dismissal, which this Court is treating as a motion to strike or dismiss certain paragraphs of plaintiff's complaint (docket # 3). The Court has considered the defendant's motion, and being otherwise duly advised, it is

ORDERED AND ADJUDGED that defendant's motion to strike or dismiss certain paragraphs of plaintiff's complaint be and the same is hereby GRANTED.

Plaintiff alleges that Southern Bell terminated her employment because she is black, in violation of 42 U.S.C. §§ 1981, 1983, and 2000e et seq., and the Thirteenth and Fourteenth Amendments of the United States Constitution. The subject of defendant's motion is paragraph 22 of plaintiff's complaint, which charges defendant with violations of section 1983 and the Fourteenth Amendment. A two-step inquiry is required to resolve claims brought under section 1983: First, whether the conduct complained of was committed by a person acting under color of state law; and second, whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1980); *Dollar v. Haralson County, Ga.*, 704 F.2d 1540, 1543 (11th Cir.1983). The "color of law" inquiry centers on whether a person who is affiliated with a state government or its political subdivision has used his position to deprive another of his constitutional rights. *See Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), *rev'd on other grounds, Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Acts of private persons are considered to have been done under "color of law" when the individuals were so significantly and substantially interwoven with state and local governments that a symbiotic relationship existed between the two and the acts of the political state. *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961).

The fact that Southern Bell's operations are subject to state regulation, or that the phone company is granted quasi-monopoly status does not transform the company's conduct into "state action" for purposes of "color of law" analysis. *See, e.g., Jackson v. Metropolitan Edison Co.*, 419

U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). Plaintiff's pleadings fall woefully short of that necessary to avoid a motion to dismiss. Likewise, plaintiff's allegations fail to establish a cause of action under the Fourteenth Amendment. As a private party, Southern Bell is not necessarily subject to liability under the Fourteenth Amendment unless plaintiff can plead and prove that the company acted under color of state law.

Defendant's argument that plaintiff fails to state a claim for relief in paragraph 21 under the Thirteenth Amendment is unpersuasive. It would be improvident for the Court to dismiss plaintiff's claim for relief under the Thirteenth Amendment, because the plaintiff does allege facts which, if true, may entitle plaintiff to relief.

In summary, the Court strikes paragraph 22 of the plaintiff's complaint, in that the Court has dismissed plaintiff's claim for relief under both 42 U.S.C. § 1983 and the Fourteenth Amendment.