**Charles A. GEORGE,
Plaintiff-Appellant,**

v.

**AZTEC RENTAL CENTER, INCORPORATED, Defendant-Appellee.**

No. 85–2055
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 17, 1985.

Charles A. George, pro se.

Dunn, Lipstet, Singer & Hirsch, Robert E. Singer, Houston, Tex., for defendant-appellee.

Before CLARK, Chief Judge, GARWOOD and DAVIS, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiff-appellant, Charles George, filed this suit on November 28, 1983 against defendant-appellee, Aztec Rental Center, Incorporated, his former employer, claiming that his employer's July 1981 discharge of him violated section 11(c) of the Occupational Safety and Health Act, 29 U.S.C. § 660(c), in that the discharge was in retaliation for plaintiff's having made complaints to the Department of Labor about allegedly dangerous conditions at the work place.[1]

---

**1.** Section 11(c) provides as follows:

"(c)(1) No person shall discharge or in any manner discriminate against any employee

On November 21, 1984, defendant filed a motion for summary judgment, contending, *inter alia,* that shortly after plaintiff's discharge, which defendant contended was for inadequate performance on the job, plaintiff filed a complaint with the Secretary of Labor pursuant to section 11(c)(2) making the same complaint as made in this suit, namely, that his referenced discharge was in retaliation for previous OSHA complaints, contrary to section 11(c)(1); that in response the Department of Labor, on November 9, 1981, determined that the discharge was a retaliatory one contrary to section 11(c)(1) and recommended a settlement between the plaintiff, the defendant, and the Secretary, by which the defendant would pay a specified sum as full back pay restitution, make an unconditional offer of reinstatement to the plaintiff, with all seniority and privileges, and clear plaintiff's personnel records of any unfavorable references; that plaintiff was offered and elected not to accept reinstatement; and that the settlement was consummated by paying the plaintiff the specified back wages and purging his personnel records. The motion also took the position that the plaintiff had no private right of action for a violation of section 11(c), and that any lawsuit in respect thereto could be brought only by the Secretary of Labor.

The motion for summary judgment did not fix a "submission date." Under Rule 14B of the Local Rules of the United States District Court for the Southern District of Texas, where the suit was filed, the motion therefore was "considered automatically set for submission on Monday next following the expiration of twenty (20) days from the date of filing of the motion, without notice from the Clerk." The same rule provides that responses to motions will be filed with the clerk no later than the submission day. Accordingly, the submission day for this motion was Monday, December 17, 1984. Plaintiff was on notice of this. *Hamman v. Southwestern Gas Pipeline, Inc.,* 721 F.2d 140, 142 (5th Cir.1983). No response was filed prior to January 2, 1985. On the latter date, the district court entered an order reciting that "Defendant's motion for summary judgment being meritorious and unopposed is GRANTED. An action such as this must be brought by the Secretary of Labor." [2]

Also on January 2, 1985, the plaintiff filed a response to the motion for summary judgment in which he in effect admitted executing the January 27, 1982 Department of Labor form settlement agreement, copy of which was attached to the defendant's motion for summary judgment, and receiving the back wages called for thereby. The response does not deny that plaintiff's personnel records were cleared. Plaintiff also states in this response that he "had the option of either accepting re-instatement with the company or accepting the

because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter.

"(2) Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary alleging such discrimination. Upon receipt of such complaint, the Secretary shall cause such investigation to be made as he deems appropriate. If upon such investigation, the Secretary determines that the provisions of this subsection have been violated, he shall bring an action in any appropriate United States district court against such person. In any such action the United States district courts shall have jurisdiction, for cause shown to restrain violations of paragraph (1) of this subsection and order all appropriate relief including rehiring or reinstatement of the employee to his former position with back pay.

"(3) Within 90 days of the receipt of a complaint filed under this subsection the Secretary shall notify the complainant of his determination under paragraph (2) of this subsection."

**2.** A separate judgment was also entered on the same day. The district court also had before it at that time the plaintiff's response to the defendant's original answer, which response had been filed on December 27, 1983, in which plaintiff referred to "the OSHA settlement" and "the fact that I resigned as a result of an OSHA settlement."

settlement as was." He states in effect that he declined reinstatement because he was afraid of his employer due to a knifing incident which had occurred in December 1979.[3]

On January 18, 1985, plaintiff filed his notice of appeal from the district court's January 2, 1985 dismissal of his suit.

As subject matter jurisdiction here was asserted solely on a federal question basis under 28 U.S.C. § 1331, and as the only law, treaty or provision of the Constitution of the United States under which plaintiff's action is suggested to arise is section 11(c), we believe it appropriate to determine whether federal law creates a private right of action for a private employer's violation of section 11(c)(1).

In the only case which has made a square holding on the matter, the Sixth Circuit ruled that there is no private cause of action for a retaliatory discharge contrary to section 11(c)(1). *Taylor v. Brighton Corp.,* 616 F.2d 256 (6th Cir.1980). The Second Circuit has also stated, although in what appears to be dicta, that there is no private right of action. *Donovan v. Occupational Safety & Health Review Commission,* 713 F.2d 918, 926 (2d Cir.1983). *See also* this Court's opinion in *Donovan v. Oil, Chemical, and Atomic Workers International Union,* 718 F.2d 1341, 1348 n. 27 (5th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 2344, 80 L.Ed.2d 818 (1984) (quoting the Second Circuit's opinion). In *Donovan v. Square D Co.,* 709 F.2d 335, 338–39 (5th Cir.1983), we stated that "the government alone possesses the right to bring suit under Section 11(c). A private cause of action does not exist." (Footnote omitted.) However, this statement was made as a basis for this Court's holding in that case that state statutes of limitations do not apply to section 11(c) suits by the Secretary of Labor, and in a footnote to the above-quoted statement we further explained that we were not directly passing on whether a private person could bring such a section 11(c) suit, inasmuch as the case then before the Court was brought by the Secretary and not by the discharged employee. *Id.* at 339 n. 9. Accordingly, the courts which have spoken to the matter have said that there is no private cause of action under section 11(c). Although we have not directly ruled on the point, we have recognized the authority so stating, and have also based a holding concerning limitations on the assumption that there is no private cause of action.

The Sixth Circuit in *Taylor* thoroughly considered this question, the relevant Supreme Court decisions and the legislative history. We are persuaded by and are in general agreement with *Taylor*'s analysis, which it would serve no good purpose to merely repeat here. We therefore hold that there is no private cause of action under federal law for a private employer's retaliatory discharge of an employee contrary to section 11(c).

We note that *Taylor* relied heavily on *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979), in giving particular significance to section 11(c)(2)'s express provision for employee complaints of retaliatory

---

**3.** Plaintiff states in this connection, "Since I had pursued seeking retribution over the knifing incident, I certainly did not want to go back to work at the same company where the incident occurred," and "I could not accept re-instatement at Aztec because of my pursuit of the knifing incident," and "I could not accept re-instatement after going to Harris County District Attorney's Office about the knifing and also to the Houston City Council about it."

On January 5, 1985, plaintiff filed with the court a document entitled "Disclosure of Unusual Feature Pursuant to Local Rule Five." Local Rule 5 calls for parties to advise the clerk if a case is related to another pending case or is complex or otherwise unusual. In this particular disclosure, plaintiff made reference only to a previous suit he had filed "against OSHA in regard to my signing the Aztec Settlement." He says that one of his contentions in that previous suit against OSHA was that the OSHA representative had told him in effect that he would have to sign the settlement or receive nothing. Plaintiff attached to this January 5, 1985 filing a copy of this Court's unpublished opinion of August 31, 1984 in its Causes Nos. 84–2282 and 84–2179, in which this Court affirmed the dismissal of plaintiff's previous suit against OSHA. 742 F.2d 1451 (5 Cir.1984).

discharge to be made to the Secretary of Labor and for the Secretary to bring suit against the employer if the Secretary finds a violation of section 11(c)(1). Since *Taylor*, this aspect of *Transamerica's* rationale was reaffirmed in *Middlesex County Sewerage Authority v. National Sea Clammers Association*, 453 U.S. 1, 101 S.Ct. 2615, 2623, 69 L.Ed.2d 435 (1981), where the Court observed:

"As we stated in *Transamerica Mortgage Advisors, supra,* 'it is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.' 444 U.S., at 19, 100 S.Ct., at 247.... In the absence of strong indicia of a contrary congressional intent, we are compelled to conclude that Congress provided precisely the remedies it considered appropriate."

We recently quoted and applied the same language in *Tyler v. Mmes. Pasqua & Toloso*, 748 F.2d 283, 286 (5th Cir.1984). Moreover, a holding that a private cause of action does not exist is in harmony with the language and rationale of our *Square D Co.* opinion, while the contrary result would not be.

Accordingly, the district court having correctly dismissed the suit on the ground that the plaintiff had no private cause of action under federal law for his employer's retaliatory discharge in violation of section 11(c)(1), the judgment below is affirmed.

**AFFIRMED.**