**WALT'S DRIVE–A–WAY SERVICE, INC.,** Driver Leasing, Inc., Meisler Cartage, Inc., Meisler Leasing Corp., Meisler Management Corp., Appellant–Defendants,

v.

**Jerry Lee POWELL, Appellee–Plaintiff.**

No. 82A01–9401–CV–23.

Court of Appeals of Indiana, First District.

Aug. 15, 1994.

William Michael Schiff, Mary Lee Franke, Kahn, Dees, Donovan & Kahn, Evansville, for appellant.

Marc Hawley, Hawley, Hudson & Almon, Mt. Vernon, for appellee.

BAKER, Judge.

In this interlocutory appeal, we decide whether Indiana has recognized a cause of action for wrongful termination of an employee who refuses to violate federal safety regulations and whether such suit is preempted by federal law. The appellant-defendants Walt's Drive–A–Way Service, Inc., Driver Leasing, Inc., Meisler Cartage, Inc., Meisler Leasing Corp., and Meisler Management Corp. (collectively Employers) challenge the denial of their motion to dismiss appellee-plaintiff Jerry Lee Powell's action for wrongful discharge.

### FACTS

For the purposes of the motion to dismiss, the parties present the following facts alleged in Powell's complaint as true. Powell was an over-the-road truck driver for Employers. When Employers gave Powell his work schedule for March 23, 1992, he refused to comply claiming that the schedule required him to drive more hours than allowed by the U.S. Department of Transportation Motor Carrier Safety Regulations. *See* 49 C.F.R. § 395.3(a)(1). Employers discharged Powell that day.

On March 25, 1993, Powell filed this action for wrongful discharge. The Employers responded with a motion to dismiss on May 11, 1993. Upon denying dismissal, the trial court held that Indiana has acknowledged a wrongful discharge action for allegations that an employee was fired for refusing to violate the law. The trial court further stated that federal law did not preempt the state cause of action. The trial court certified the issue for interlocutory appeal, which we granted for review on March 16, 1994.

### DISCUSSION AND DECISION

 Generally in Indiana, an employer may discharge an at-will employee for any cause or no cause without incurring liability. *Campbell v. Eli Lilly & Co.* (1980), Ind.App., 413 N.E.2d 1054, 1060, *trans. denied,* Ind. 421 N.E.2d 1099 (dissent to denial). However, our supreme court has created exceptions to this rule. In *Frampton v. Central Indiana Gas Co.* (1973), 260 Ind. 249, 297 N.E.2d 425, the court established a cause of action for retaliatory discharge of an employee who files a worker's compensation claim.

However, in *Campbell,* we held that the scope of the *Frampton* exception was limited to situations where an employee was discharged in retaliation for either having exercised a statutorily conferred personal right or having fulfilled a statutorily imposed duty in order to state a cognizable claim. *Campbell,* 413 N.E.2d at 1061. The *Campbell* court refused to acknowledge a cause of action for an employee discharged for reporting to company officials practices allegedly contrary to the federal drug regulatory scheme and regulations. *Id.* at 1059. The *Campbell* employee did not allege that he was discharged for performing any statutory duty or right.

Our supreme court revisited the vitality of the employment at-will doctrine in *McClanahan v. Remington Freight Lines, Inc.* (1988), Ind., 517 N.E.2d 390. There, the *Frampton* exception was extended to allow an action where an employee was discharged for refusing to commit an illegal act for which he would be personally liable. In *McClanahan,* a truck driver discharged for refusing to drive an overweight truck into Illinois in violation of Illinois law had a viable cause of action.

Employers argue that *McClanahan* should not be expanded to protect Indiana employees from discharge for refusal to violate federal laws. On the other hand, Powell asserts that *McClanahan* includes a refusal to violate federal, as well as, state law. We agree with Powell that *McClanahan* applies and that he has stated a cause of action for wrongful discharge for refusing to commit an illegal act under federal law.

In *McClanahan,* our supreme court acknowledged that Indiana generally has refused to create a public policy exception to the employment at-will doctrine in the absence of a statute defining the public policy. *McClanahan,* 517 N.E.2d at 393 (citing *Hamblen v. Danners, Inc.* (1985), Ind.App., 478 N.E.2d 926, 929). In other words, a discharged employee has no state remedy unless he was fired for exercising a statutory right or duty expressing public policy. However, the *McClanahan* court reasoned that violations of the law necessarily contravene public policy. *Id.* Thus, it did not hesitate to find that McClanahan satisfied the *Frampton* exception for being discharged for fulfilling a statutory duty when he refused to commit an act that would violate Illinois law.[1] Our supreme court reasoned that depriving a driver legal recourse in the state forum would encourage criminal conduct by both the employee and the employer. *Id.* The same reasons compel the result we reach today. Powell was likewise subject to civil and criminal penalties if he violated the driving time restrictions of 49 C.F.R. § 395.3. *See* 49 C.F.R. § 390.37. We see no reasonable distinction, and therefore, refuse to afford a remedy simply because the duty performed was compliance with federal law rather than state law.

Accepting as true the facts alleged, we conclude that Powell has presented sufficient allegations to maintain a cause of action for wrongful discharge for refusing to commit an act in contravention of federal regulations for which he would have been personally liable.

 Secondly, Employers argue that Congress preempted any state cause of action by its enactment of the Surface Transportation Assistance Act of 1982 (STAA), 49 U.S.C.Appx. § 2301 et seq. Although Congress has heavily regulated the field of interstate motor carriers, Powell's claim does not interfere with that regulation. Rather than meddling with the interstate motor carrier

---

1. The supreme court distinguished the holding in *Campbell* because the employee's reporting of his employer's illegal activities was not mandatory under the law. *McClanahan,* 517 N.E.2d at 393, n. 1.

regulation, we are addressing the employer-employee relationship which is a valid concern of Indiana and within the realm of our common law. If allowing the cause of action may be viewed as intruding into the field of interstate motor carrier regulation, we note that state regulation has not been preempted. *Parten v. Consolidated Freightways Corp.* (1991), 8th Cir., 923 F.2d 580, 583; *But see Norman v. M.S. Carriers, Inc.* (1990), W.D.Tenn., 741 F.Supp. 148 (STAA preemption). We agree with the Eighth Circuit that the language of the STAA does not indicate that it was intended to be the exclusive remedy for wrongfully discharged motor carriers. *See Parten*, 923 F.2d at 583. Thus, we reject the Employers' preemption argument.

Judgment affirmed.

SHARPNACK, C.J., and ROBERTSON, J., concur.