107 F.3d 873
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Georgann F. LUYON, Plaintiff-Appellant,
v.
GTE, INCORPORATED, Defendant-Appellee.
 No. 96-2636.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 29, 1997.*
Decided Feb. 11, 1997.
 
 Before FAIRCHILD, BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 GTE fired Georgann Luyon after she left work in the middle of the workday several times. Luyon claimed that inaudible, high-frequency vibrations were causing her headaches, hemorrhaging and other injuries. An investigation by the Indiana Occupational Health and Safety Administration failed to disclose any safety hazard.
 
 
 2
 Luyon filed a complaint with the Indiana Department of Employment and Training Services, which found her discharge to be for just cause. She appealed to the Indiana Court of Appeals, which affirmed in an unpublished opinion. Luyon v. Review Board, 635 N.E.2d 232 (Ind.Ct.App.1994) (unpublished order).
 
 
 3
 Luyon then filed the present suit in federal court under 42 U.S.C. § 1983, claiming that her discharge violated some unspecified right under the Fourteenth Amendment. She also asserted state law claims for retaliatory discharge, negligence, assault, intentional infliction of emotional distress and defamation. GTE moved for summary judgment, claiming that it was not a state actor, nor did it act under color of state law, and hence, Luyon had no claim under § 1983. GTE also moved for summary judgment on Luyon's state law claims.
 
 
 4
 Despite an explicit warning from the district court, pursuant to Timms v. Frank, 953 F.2d 281 (7th Cir.), cert. denied, 504 U.S. 957 (1992), Luyon did not respond to GTE's motion for summary judgment with any evidence of her own, nor did she present any statement of issues as to which genuine questions of material fact existed. Accordingly, the district court entered judgment against Luyon.
 
 
 5
 Luyon then brought this appeal. Her appellate brief raises a single argument: that GTE fired her in violation of 29 U.S.C. § 660(c). Section 660(c)(1) prohibits any employer from firing an employee for filing a complaint with the federal Occupational Safety and Health Administration. Under § 660(c)(2), a person fired in violation of § 660(c)(1) may file a complaint with the Secretary of Labor, and the Secretary may then file a complaint in federal court.
 
 
 6
 Luyon's argument fails for two reasons. First, her complaint did not raise any claim under § 660(c); she raised that claim for the first time in her rebuttal to GTE's affirmative defenses. Luyon may not thereby raise new claims, Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir.1996), and having failed properly to raise her claim under § 660(c) before the district court, she may not raise it now on appeal. National Fidelity Life Ins. Co. v. Karaganis, 811 F.2d 357, 360-61 (7th Cir.1987). Second, § 660(c)(2) allows only the Secretary of Labor to bring a cause of action for a violation of § 660(c)(1); it does not create a private right of action. George v. Aztec Rental Center, Inc., 763 F.2d 184, 186 (5th Cir1985); Taylor v. Brighton Corp., 616 F.2d 256, 264 (6th Cir.1980). Thus, Luyon cannot raise a claim under that section.
 
 
 7
 Aside from her claim under § 660(c)(2), Luyon fails to include in her appellate brief any argument as to why this court should reverse the district court: she points to no evidence she presented or question of material fact that should have precluded summary judgment below. Therefore, with respect to Luyon's claims under § 1983 and state law, we AFFIRM for the reasons stated by the district court in its Order dated May 31, 1996.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF INDIANA
 HAMMOND DIVISION
 
 8
 May 31, 1996.
 
 
 9
 Georgann Frances Luyon, Plaintiff,
 
 
 10
 vs.
 
 
 11
 GTE, Inc., Defendant.
 
 
 12
 No. 2:95-CV-169-RL.
 
 ORDER
 
 13
 This matter is before the Court on the Motion for Summary Judgment filed by Defendant, GTE, Inc., on March 27, 1996. For the reasons set forth below, this motion is GRANTED, and the Clerk is ORDERED to enter judgment for Defendant dismissing this case with prejudice.
 
 BACKGROUND
 
 14
 This case centers on the firing of Plaintiff, Georgann Frances Luyon. Luyon is a former employee of GTE North, Inc.[1] ("GTE") which provides telephone service to several Midwestern states.
 
 
 15
 GTE fired Luyon in May 1993, and Luyon then sued GTE in this Court. In her complaint, Luyon alleges that GTE violated her Fourteenth Amendment rights and section 1983, and committed several state-law torts. Luyon is proceeding pro se. She asserts that equipment she used at GTE emitted silent sound waves and electric current that caused her to hemorrhage, burp abnormally, have severe headaches, and brainwashed her. She maintains that an unknown, unseen assailant was behind the sound waves and current.
 
 
 16
 GTE moved for summary judgment several weeks ago. In keeping with Timms v. Frank, 953 F.2d 281 (7th Cir.1992) the Court then warned Luyon of the consequences of not responding to GTE's motion, including the consequences of not following Local Rule 56.1. (Order of 4/10/96) The fifteen-day deadline for Luyon to file a response passed, and she did not file one. On May 7--over six weeks after GTE filed its summary judgment motion--the Court issued an order giving Luyon five days to file her summary judgment response.
 
 
 17
 Luyon missed that deadline, too, and still had not filed a response by the time she appeared at the final pretrial conference on May 17. At the conference, the only excuse Luyon offered for not responding was that she had not received the copy of the summary judgment motion that GTE mailed to her. Luyon conceded that she had received the Court's two orders, which clearly put her on notice that GTE had filed a summary judgment motion and that the Court expected a response. She also conceded that she had never contacted defense counsel nor the Court to try to obtain a copy of GTE's motion. Reluctantly, the Court continued the trial date and made May 24, 1996, Luyon's final deadline for filing her response.
 
 
 18
 Luyon did file a response by that deadline. However, what she filed is effectively a nonresponse. Contrary to Local Rule 56.1, it contains no statement of genuine issues. More fundamentally, it offers no evidence to rebut GTE's fact statement.
 
 DISCUSSION
 
 19
 The standards that generally govern summary judgment motions are familiar. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Nebraska v. Wyoming, 113 S.Ct. 1689, 1694 (1993); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In other words, the record must reveal that no reasonable jury could find for the nonmovant. Karazanos v. Navistar Int'l Transp. Corp., 948 F.2d 332, 335 (7th Cir.1991); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant. Anderson, 477 U.S. at 255; Nucor Corp. v. Aceros Y Maquilas De Occidente, 28 F.3d 572, 583 (7th Cir.1994).
 
 
 20
 The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes demonstrate an absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once the movant has met this burden, the nonmovant may not rest upon mere allegations but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); Becker v. Tanenbaum-Hill Assoc., Inc., 914 F.2d 107, 110 (7th Cir.1990); Schroeder v. Lufthansa German Airlines, 875 F.2d 613, 620 (7th Cir.1989). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.' " Walter v. Fiorenzo, 840 F.2d 427, 434 (7th Cir.1988) (citing Anderson, 477 U.S. at 248).
 
 
 21
 "[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." Beard v. Whitley County REMC, 840 F.2d 405, 410 (7th Cir.1988); see also Hickey v. A.E. Staley Mfg., 995 F.2d 1385, 1391 (7th Cir.1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate. In this situation, there can be " 'no genuine issue as to any material fact', since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323.
 
 
 22
 As Luyon was warned might happen, GTE's version of the facts is now established as uncontroverted by virtue of Local Rule 56.1. For purposes of this ruling, the Court accepts the following facts: At Luyon's request, OSHA inspected Luyon's workplace and equipment at GTE and found no violations; indeed, Luyon's equipment was safe. Luyon was told of OSHA's findings. After the OSHA inspection, Luyon twice left work early without permission, claiming that her equipment was unsafe and bothering her. GTE warned Luyon that if she left early again, she could be fired. Luyon did it again, and GTE then fired her solely because she left work early without permission or a legitimate excuse and because of her otherwise poor work record. Finally, state and local government do not in any way own or control GTE or influence its personnel decisions.
 
 
 23
 GTE argues that Luyon's section 1983 claim fails for lack of state action. Section 1983 provides as follows:
 
 
 24
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.
 
 
 25
 42 U.S.C. § 1983. Section 1983 does not provide a substantive right; it merely provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States by one acting "under the color of state law." Lugar v. Edmondson Oil Co., 457 U.S. 922, 924-25 (1982).
 
 
 26
 "To state a claim under § 1983, a plaintiff ... must show that the alleged deprivation [of a federal right] was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Brown v. City of Lake Geneva, 919 F.2d 1299, 1301 (7th Cir.1990); Bayview-Lofberg's Inc. v. City of Milwaukee, 905 F.2d 142, 144 (7th Cir.1990). To act under color of state law, a defendant must exercise power "possessed by virtue of state law and made possible only because the [defendant] is clothed with the authority of state law." West, 487 U.S. at 49; see also Hughes v. Meyer, 880 F.2d 967, 971 (7th Cir.1989).
 
 
 27
 The statute affords no shield against purely private conduct, no matter how unfair that conduct may be. National Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988). Still, state action by an ostensibly private party can exist in two general settings: (1) "where the state effectively directs, controls, or encourages the actions of a private party"; and (2) where a state delegates to a private party a "public function" that is "traditionally the exclusive prerogative of the state." Wade v. Byles, No. 95-2322, slip op. at 5 (7th Cir. May 13, 1996).
 
 
 28
 The Court might speculate that because GTE is a public utility, the state grants GTE's license and heavily regulates it. Still, such circumstances should not automatically mean that GTE engaged in state action when it fired Luyon. See Kadlec v. Ill. Bell Tel. Co., 407 F.2d 624, 627 (7th Cir), cert. denied, 396 U.S. 846 (1969); Sable Communications of Cal., Inc. v. Pacific Tel. & Tel. Co., 890 F.2d 184, 188-89 (9th Cir.1989); Kearson v. S. Bell Tel. & Tel. Co., 763 F.2d 405, 406-07 (11th Cir.1985), cert. denied, 474 U.S. 1065 (1986); Stoutt v. S. Bell Tel. & Tel. Co., 598 F.Supp. 1000, 1001 (S.D.Fla.1984). GTE's uncontested fact statement portrays the state as having had no role in Luyon's firing and thus rules out anything but a "metaphysical doubt" that GTE engaged in state action. See Johnson v. Univ. of Wisconsin-Eau Claire, 70 F.3d 469, 477 (7th Cir.1995). Accordingly, GTE is GRANTED summary judgment against Luyon's section 1983 claim.
 
 
 29
 GTE asserted in its summary judgment motion that the section 1983 claim is Luyon's only federal claim. To be sure, section 1983 is the only source of a federal claim that the pro se Luyon expressly mentioned in her complaint. Still, the Court notes that in her rebuttal to GTE's affirmative defenses, Luyon suggested for the first time that she claims GTE fired her in retaliation for her complaint to OSHA, a supposed violation of 29 U.S.C. section 660(c)(1). The rebuttal, however, was not a proper vehicle for Luyon to amend her complaint. Shanahan v. City of Chicago, No. 95-1929, slip op. at 9 (7th Cir. May 6, 1996). Even assuming that Luyon could amend her complaint, and also that section 660(c)(1) creates a private right of action, see George v. Aztec Rental Center, Inc., 763 F.2d 184, 186 (5th Cir.1985) (foreclosing one), GTE has established beyond controversy that it fired Luyon solely because she left work early without permission or a legitimate reason. This rules out the factual possibility that GTE violated section 660(c)(1) by firing Luyon in retaliation for her OSHA complaint.
 
 
 30
 At this point, the Court has eliminated all of Luyon's federal claims and has left her with only state-law claims. GTE seems to assume that Luyon, an Indiana citizen, has no source of federal jurisdiction over her state-law claims. Seeming to address possible diversity jurisdiction, GTE tersely asserts that its "principal place of business in Indiana " is in Fort Wayne. Yet this assertion alone does not establish that out of all six states where it operates, GTE's principal place of business is in Fort Wayne, which is what would rule out diversity jurisdiction.
 
 
 31
 So, the Court cannot tell whether diversity jurisdiction exists over Luyon's state-law claims. If certain that there is no diversity jurisdiction, the Court would be inclined to exercise its discretion to dismiss this case without ruling on the merits of the state-law claims, see 28 U.S.C. § 1367(c)(3); Korzen v. Local Union 705, Int'l Bd. of Teamsters, 75 F.3d 285, 288-89 (7th Cir.1996), even though GTE would like the Court to address the merits once and for all in such a case. On the other hand, if certain that diversity jurisdiction exists, the Court would of course rule on the merits of the state-law claims.
 
 
 32
 Ultimately, with or without independent jurisdiction over them, the Court can now rule on the merits of the state-law claims, and has good reason for doing so if the claims can be easily disposed of. Korzen, 75 F.3d at 288-89. As detailed below, Luyon's claims are easily disposed of. Accordingly, the Court will address them.
 
 
 33
 Luyon's rather sketchy complaint may contain a state-law retaliatory discharge claim. To prevail on such a claim, Luyon must show that GTE fired her at least in part because she exercised a statutory right, performed a statutory duty, or refused to commit an illegal act. Walt's Drive-A-Way Serv., Inc. v. Powell, 638 N.E.2d 857, 858 (Ind.App.Ct.1994); Watkins v. Sommer Metalcraft Corp., 844 F.Supp. 1321, 1326-27 (S.D.Ind.1994). GTE's fact statement establishes that it fired Luyon solely because of her unauthorized absences and poor work record, thus ruling out any of these three improper motives. Accordingly, GTE is GRANTED summary judgment on Luyon's retaliatory discharge claim.
 
 
 34
 Luyon's next apparent claim is that GTE negligently caused her to be assaulted. In fairness to the pro se Luyon, the Court will treat this conflation of tort principles as claims for both negligence and assault.
 
 
 35
 Any negligence claim appears to run up against the exclusive remedy provision of Indiana's Workers' Compensation Act. If an employee is injured "by accident" at work and tries to sue her employer in tort, the claim is barred by the Act's exclusive remedy provision. Baker v. Westinghouse Elec. Corp., 637 N.E.2d 1271, 1272-73 (Ind.1994); Perry v. Stitzer Buick GMC, Inc., 637 N.E.2d 1282, 1287 (Ind.1994). Because conduct that is negligent in the common law sense would likely also be accidental in the statutory sense, Luyon's negligence claim is likely barred.
 
 
 36
 More fundamentally, Luyon cannot prove a negligence claim. One element she must prove is that GTE breached its duty of care. Webb v. Jarvis, 575 N.E.2d 992, 995 (Ind.1991). GTE's fact statement establishes that OSHA found no hazard when it inspected Luyon's workplace and equipment to determine if Luyon's rather unusual claims about silent sound waves and electric current were true. Even in the unlikely event that Luyon was injured by such waves and current, GTE had no reason to believe they existed nor that it had to act to prevent such injury; therefore, GTE did not breach any duty of care.
 
 
 37
 As for any assault claim, the materials GTE cites in its fact statement collectively rule out the factual possibility that any GTE employee, let alone GTE as an entity, intentionally assaulted Luyon. Therefore, to the extent that Luyon's "negligent assault" claim amounts to a claim of an intentional tort not barred by the Act's exclusive remedy provision, see Baker, 637 N.E.2d at 1273; Perry, 637 N.E.2d at 1287, that claim is ruled out as well.
 
 
 38
 Based on these circumstances, GTE is GRANTED summary judgment against Luyon's "negligent assault" claim.
 
 
 39
 Luyon also accuses GTE of defaming her. According to Luyon, GTE did so with the termination letter it wrote to Luyon and copied to various GTE workers. The letter stated that Luyon was being fired for "total lack of responsibility towards [her] job." (GTE Exh. E)
 
 
 40
 GTE argues that the defamation claim is barred by qualified privilege. "Intracompany communications regarding the fitness" or "personnel evaluation" of an employee that are "communicated in good faith" are protected from a defamation claim by a qualified privilege. Schrader v. Eli Lilly & Co., 639 N.E.2d 258, 262 (Ind.1994). It is uncontested here that Luyon left work early without reason or permission on three occasions. As such, GTE's termination letter represents a reasoned, good faith statement by management detailing why Luyon was fired--repeatedly walking off the job for no valid reason certainly displays a marked lack of responsibility. This places the termination letter under the qualified privilege. See id.
 
 
 41
 Luyon could overcome the qualified privilege by showing that GTE abused the privilege. Id. Yet Luyon's abuse showing is foreclosed (1) because GTE has established that ill will did not motivate the termination letter, and that it had good reason to believe what it said in the letter, and (2) because the distribution list on the letter does not appear excessive. See id.
 
 
 42
 Luyon's final state-law claim appears to be one for intentional infliction of emotional distress. Luyon says GTE inflicted emotional distress on her by intentionally "brainwashing" her and by "discriminating against" her when she reported the sound waves and current.
 
 
 43
 Courts appear to hold different views as to whether and in what form Indiana recognizes a distinct tort of intentional infliction of emotional distress. See, e.g., Garus v. Rose Acre Farms, Inc., 839 F.Supp. 563, 569-70 (N.D.Ind.1993); Norris by Norris v. Bd. of Educ. of Greenwood Community School Corp., 797 F.Supp. 1452, 1461-62 (S.D.Ind.1992); Cullison v. Medley, 570 N.E.2d 27, 34 (Ind.1991). In any event, at a minimum Luyon must show that GTE intentionally took some extreme and outrageous action that was likely to cause her severe emotional distress. See id. GTE's handling of Luyon's complaint, the OSHA inspection results, and the rest of the reasons and circumstances surrounding Luyon's firing rule out such action by GTE.
 
 
 44
 Based on these circumstances, GTE is GRANTED summary judgment against Luyon's intentional infliction of emotional distress claim.
 
 
 45
 Each of Luyon's claims is now specifically foreclosed on the merits. The Court also notes that the overall nature of the claims makes them ripe for summary judgment. At root, this case is about whether GTE fired Luyon for some invalid reason or otherwise mistreated her. The record establishes that Luyon invited her discharge through her own conduct and that GTE perhaps treated her strictly but certainly not discriminatorily or cruelly. Luyon's claims clash with common experience and are wholly unsupported by evidence.
 
 CONCLUSION
 
 46
 For the foregoing reasons, the Motion for Summary Judgment is GRANTED, and the Clerk is ORDERED to enter judgment for Defendant dismissing this case with prejudice.
 
 
 47
 /s/ Rudy Lozano
 
 RUDY LOZANO, Judge
 United States District Court
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Luyon named "GTE, Inc." as Defendant, but Defendant says its true name is "GTE North, Inc."