# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2018

Lyle W. Cayce
Clerk

No. 17-20788
Summary Calendar

LONGHORN INTEGRITY INSPECTION SERVICES, L.L.C.; GARRETT
PLETCHER; BRYAN HARPER,

       Plaintiffs - Appellees

v.

BERWIN B. MCCURDY, JR.,

       Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-1649

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Appellees Garrett Pletcher ("Pletcher"), Bryan Harper ("Harper"), and Longhorn Integrity Inspection Services, LLC (collectively, "LIIS"), along with appellant Berwin McCurdy ("McCurdy") formed Longhorn Inspection Services in March 2014, LLC. Initially, Pletcher, Harper, and McCurdy each owned a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

one-third share of the company. In April 2015, the parties entered into an agreement for McCurdy to sell his one-third membership interest to Pletcher and Harper for $15,000 to be paid no later than January 1, 2016. Between April 2015 and July 2015, the parties orally modified the contract, agreeing that McCurdy would instead sell $28^{1/3}$ percent of his interest in exchange for $10,000. Subsequently, McCurdy emailed Pletcher referencing the modification and providing instructions for wiring money to McCurdy's bank account. In December 2015, LIIS wired $10,000 as McCurdy had instructed, but the bank returned the transfer with a notice that McCurdy's account was closed. LIIS raised this issue with McCurdy and offered, through counsel, to pay McCurdy. McCurdy refused.

In April 2016, LIIS sued McCurdy in state court alleging breach of contract and seeking specific performance of the modified agreement. McCurdy removed the case to federal court based on diversity jurisdiction and counterclaimed for negligence under the Texas Deceptive Trade Practices Act ("DTPA"), fraudulent misrepresentation, and wrongful discharge under the Occupational Safety and Health Administration ("OSHA") retaliatory discharge provision. The district court granted LIIS summary judgment on all of McCurdy's counterclaims. After a bench trial, the court ruled for LIIS, finding McCurdy had materially breached the modified agreement, ordering him to transfer the agreed-upon portion of his shares, and awarding LIIS attorneys' fees. McCurdy appeals.

We review a summary judgment order de novo. *Kariuki v. Tarango,* 709 F.3d 495, 501 (5th Cir. 2013). Summary judgment is warranted if there are no genuine disputes of material fact. Fed. R. Civ. P. 56(a). Following a bench trial, we review findings of fact for clear error and conclusions of law de novo. *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 294 (5th Cir. 2000). We review

an award of specific performance of a contract for abuse of discretion. *Bennett v. Copeland*, 235 S.W.2d 605, 609 (Tex. 1951).

We conclude that the district court properly granted summary judgment dismissing McCurdy's counterclaims. First, as to McCurdy's negligence claims under the DTPA, we agree with the district court that McCurdy failed to show he is a consumer transacting in goods or services as defined by the statute. *See* TEX. BUS. & COM. CODE § 17.45(4) ("consumer" is one who, *inter alia*, "seeks or acquires by purchase or lease … any goods or services"). Furthermore, even if the DTPA did apply, we agree with the district court's conclusion that McCurdy's negligence claims are wholly unsupported by the record. Second, as to McCurdy's claims that LIIS fraudulently misrepresented the wiring instructions and the value of McCurdy's shares, we agree with the district court's conclusion that McCurdy failed to offer any evidence of a false representation by LIIS and any evidence of his justifiable reliance on any alleged misrepresentations by LIIS. *See, e.g., Zorilla v. Aypco Constr. Co. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015) (setting out elements of fraudulent misrepresentation). Lastly, as to McCurdy's purported wrongful discharge action under OSHA, we agree with the district court that there is no private right of action under OSHA's retaliatory discharge provision, 29 U.S.C. § 660(c). *See George v. Aztec Rental Ctr., Inc.,* 763 F.2d 184, 186 (5th Cir. 1985). Even if there were, we also agree with the district court that the undisputed evidence shows that McCurdy was never discharged by LIIS.

We also find no errors in the district court's conclusions regarding the breach of contract claim and attorneys' fees. First, we reject McCurdy's argument that the original agreement was invalid because the parties signed two distinct copies; the district court did not err in concluding that the parties did not condition their agreement on signing the same copy. *See, e.g., City of Pinehurst v. Spooner Addition Water Co.,* 432 S.W.2d 515, 518 (Tex. 1968)

No. 17-20788

(courts must effectuate parties' intent as expressed in unambiguous writing); *Jim Walter Homes, Inc. v. Schuenemann*, 668 S.W.2d 324, 327 (Tex. 1984) (separate documents executed for same purpose and within one transaction are construed together); *Mid-Continent Cas. Co. v. Global Enercom Mgmt., Inc.*, 323 S.W.3d 151, 157 (Tex. 2010) (contract need not be signed to be valid unless parties explicitly required signatures as condition of mutual assent). Second, the district court did not err in concluding the parties validly modified the original agreement as to the percentage of shares and the price. *See, e.g., Lone Star Steel Co. v. Scott*, 759 S.W.2d 144, 153 (Tex. App.—Texarkana 1988, writ denied) (under Texas law a written contract may be modified by subsequent oral agreement). Third, we reject McCurdy's argument that the modified agreement was invalid under company regulations requiring certain formalities for transferring interests; the district court did not err in finding the parties did not intend the modified agreement to be subject to those regulations. Fourth, we find that the district court did not abuse its discretion in ordering specific performance. *See, e.g., DiGiuseppe v. Lawler*, 269 S.W.3d 588, 593 (Tex. 2008) (specific performance appropriate where party seeking performance (1) was "ready, willing, and able to timely perform" contractual obligations, and (2) tendered performance); *Miga v. Jensen,* 96 S.W.3d 207, 217 (Tex. 2002) (specific performance appropriate to enforce stock purchase of a closely-held corporation) (citation omitted). Finally, we conclude the district court properly awarded LIIS attorneys' fees based on McCurdy's breach of the modified agreement. *See* Tex. Civ. Prac. & Rem. Code § 38.001(8) (movant may recover reasonable attorneys' fees on valid claim for oral or written contract).[1]

　　AFFIRMED

---

[1] McCurdy does not contest the reasonableness of the attorneys' fees awarded and has therefore abandoned that issue. *Yohey v. Collins,* 985 F.2d 222, 224 (5th Cir. 1993).