**James D. NORMAN, Plaintiff,**

v.

**M.S. CARRIERS, INC.; Michael S. Starnes; Bud Self; Claude Watkins; and Unknown Members of M.S. Carriers, Inc. Safety Department, Defendants.**

**No. 90–2024–4A.**

United States District Court,
W.D. Tennessee, W.D.

June 20, 1990.

Eugene D. Brown, Jr., William F. Schneller, Jones & Brown, Holly Springs, Miss., for plaintiff.

Frederick J. Lewis, Thomas L. Henderson, McKnight, Hudson, Lewis & Henderson, Memphis, Tenn., for defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

McRAE, Senior District Judge.

Plaintiff James Norman commenced this action against his former employer M.S. Carriers, Inc. ("M.S. Carriers"), two of his former supervisors, Bud Self and Claude Watkins, the President of M.S. Carriers, Michael S. Starnes, as well as certain unknown members of M.S. Carriers' Safety Department. The complaint alleges violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("RICO"), along with state law causes of action for slander, interference with business relations and tortious breach of the duty of good faith and fair dealing. Presently before the Court is the defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), (5) and (6). For reasons stated below, the motion is granted.

### Background

Defendant M.S. Carriers is a trucking company engaged in the interstate transportation of goods. Plaintiff was employed as a driver for M.S. Carriers until his discharge on October 16, 1988. His complaint alleges that he was discharged for refusing to violate Federal Motor Carrier Safety Regulations. Specifically, he alleges that the defendants dispatched him to destinations that could not be reached in the time allowed, unless he violated the Federal Motor Carrier Safety Regulations which limit the maximum driving time a driver may spend on the road without rest. *See* 49 C.F.R. § 395.3. He alleges that he notified the defendants that he would not violate the Regulations, to which they threatened to fire him if he did not meet his destinations on time. He also claims that the defendants "implied" that he should use drugs to help him reach his assigned destinations on time in violation of 49 C.F.R. § 392.4. When plaintiff refused to violate any of the safety regulations, he was unable to make his assigned destinations in the time provided. As a result, he was fired.

Subsequently, plaintiff commenced this action alleging that the defendants had conspired to violate the Federal Motor Carrier Safety Regulations and had implemented this "scheme" through a pattern of "racketeering activity" in violation of RICO. 18 U.S.C. § 1964(c). He alleged that the defendants committed the predicate acts of extortion, bribery, wire fraud and interference with commerce. He also alleged that in furtherance of this pattern of racketeering activity, the defendants effectively "black-balled" him from the trucking industry by committing other acts of wire fraud as well as slander. The complaint seeks compensatory and treble damages under RICO and compensatory damages for the state law claims of slander, interference with business relations and breach of the duty of good faith and fair dealing.

The defendants have moved to dismiss the complaint asserting *inter alia* that the RICO allegations fail to state a claim upon which relief can be granted and that this Court lacks jurisdiction because plaintiff's exclusive remedy is the administrative procedure established in Section 405 of the Surface Transportation Assistance Act of 1982, 49 U.S.C.App. § 2301 *et seq.* Also, defendants Bud Self and Claude Watkins have moved to dismiss for insufficiency of service of process. Because the Court concludes that defendants' jurisdictional argument is dispositive of the case, it does not address the other reasons for dismissal.

Section 405 of the Surface Transportation Assistance Act of 1982 ("STAA") is the "employee protection" provision. It prohibits an employer from discharging, disciplining or discriminating against an employee in any way for refusing to operate a vehicle in violation of a federal rule or regulation. 49 U.S.C.App. § 2305(b). It also provides a remedy for an employee who has been discharged for refusing to violate federal rules or regulations. Section 405(c) states that:

Any employee who believes he has been discharged, disciplined or otherwise discriminated against by any person [for refusing to operate a vehicle in violation of a federal rule or regulation] may ...

file a complaint with the Secretary of Labor....

Section 405 then establishes the procedural framework for vindication of the employee's rights. After receiving the complaint, the Secretary of Labor must investigate the claim and either deny it or take remedial action. Parties may only seek judicial review of the Secretary's decision in the appropriate United States Court of Appeals. Furthermore, Section 405 gives the Secretary the authority to seek civil enforcement of his orders in United States District Court.

It is evident from the above language that Section 405 is a comprehensive remedial provision. Although there is no express language in the Act, this Court concludes that Congress has implicitly confined jurisdiction over claims such as plaintiff's to the Secretary of Labor. While the Court has been unable to locate an appellate decision which construes Section 405 as an exclusive remedy, it has located a number of cases which hold that a similar remedial provision, Section 210 of the Energy Reorganization Act of 1974 ("ERA"), 42 U.S.C. § 5801 *et seq.*, is the exclusive remedy for wrongful discharge claims brought by employees covered by that Act.

Section 210 of the ERA is almost identical to Section 405 of the STAA. It provides a remedy for an employee who has been discriminated against for making safety complaints, and it creates a similar procedural framework for vindication of the employee's rights. *Norman v. Niagara Mohawk Power Corp.*, 873 F.2d 634 (2nd Cir. 1989). As interpreted by the Fifth and Tenth Circuits, the administrative remedy provided in Section 210 is exclusive. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1169 (5th Cir.1988). "The whistleblower provisions [of Section 210] limit the remedy to an administrative claim with the Secretary." *See also Kansas Gas and Electric Co. v. Block,* 780 F.2d 1505 (10th Cir.1985) *cert. denied,* 478 U.S. 1011, 106 S.Ct. 3311, 92 L.Ed.2d 724 (1986). These holdings lend support for this Court's conclusion that Section 405 of the STAA is also the exclusive remedy.

Congress has created a procedural framework for vindicating an employee's rights and has given the Secretary the necessary discretion to make such a determination. Allowing parties to resort to other remedies, such as RICO, would frustrate what this Court believes to be Congress' purpose. That being that the Secretary of Labor should decide whether an employee has been injured for failing to violate federal rules and regulations. Therefore this Court holds that plaintiff's exclusive remedy in the present case, is the administrative procedure contained in Section 405 of the STAA. Accordingly, this Court lacks jurisdiction over the cause. Defendants' motion to dismiss is hereby granted, and the Clerk will enter a final judgment for the defendants.

IT IS SO ORDERED.