**Steven Mark WHITWORTH, Plaintiff,**

**v.**

**TNT BESTWAY TRANSPORTATION INC., f/k/a TNT Bestway, Inc., and William Orr, Defendants.**

No. 1:95–CV–0754.

United States District Court,
E.D. Texas,
Beaumont Division.

Jan. 17, 1996.

Carroll Thomas Hight, C.T. Hight PC, Liberty, TX, Andrew Ross Korn, Keller & Korn, Mesquite, TX, for plaintiff.

Robert J. Hambright, Orgain, Bell & Tucker, Beaumont, TX, Anne L. Tiffen, Mariscal, Weeks, McIntyre & Friedlander, PA, Phoenix, AZ, for defendant.

### MEMORANDUM OPINION

COBB, District Judge.

Before the Court are various jurisdictional motions filed by the defendants as well as related briefs from both parties. After due consideration of the many arguments of the parties, this Court finds that in the interests of justice and convenience of the parties, this case should be TRANSFERRED to the Northern District of Texas.

The dispute underlying this case involves allegations that the defendant TNT both committed misrepresentations to the plaintiff about the conditions of employment and also terminated the plaintiff solely because he refused to commit illegal acts. The instant case is before this Court pursuant to removal of a diversity action. 28 U.S.C. §§ 1447, 1332(a).

The various pending motions raised by the parties will be addressed in this order: first, the timeliness of the removal; second, the propriety of the amended complaint; third, the question of dismissal due to federal preemption; and fourth, the propriety of venue transfer.

### 1. Defendants' Removal Was Timely.

TNT filed its notice of removal "within thirty days" of receipt by the defendant of a copy of the initial pleadings. The plaintiff's claim that a notice of removal on August 17 was untimely when notice was first received by the defendant on July 18 is a simple miscalculation. TNT's removal was timely.

### 2. Leave to Add a Non-diverse Party is Denied.

The plaintiff contends that it has the right under FRCP 15(a) to amend its complaint once without leave of court. The defendants argue that the plaintiff used its amendment by right when it amended its state petition. The resolution of this question is essential to the jurisdiction of this Court. In the plaintiff's Amended Complaint, William Orr, a non-diverse party, is added. Hence, the presence of Mr. Orr will divest this Court of diversity jurisdiction over this action.

■ Clearly, the plaintiff did not follow the proper procedure for amending his complaint in these circumstances. When an amendment will destroy diversity, leave of court is required even though the existing defendant, TNT, had not yet filed responsive pleadings. "[A] party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action." 6 Wright, Miller & Kane, Federal Practice & Procedure: Civil, § 1447 at 562 (2d ed. 1990); *see also Horton v. Scripto–Tokai Corp.,* 878 F.Supp. 902 (S.D.Miss.1995).

Thus, the question of whether a plaintiff's previous state court amendment counts as the plaintiff's federal Rule 15(a) amendment "as a matter of right" does not control the issue. *See Borne v. Siemens Energy & Automation, Inc.,* 1995 WL 15354 (E.D.La.1995) (finding that 28 U.S.C. § 1447(e) trumps Rule 15). Any amendment, including one sought under Rule 15(a), must be preceded by leave of court if it will divest the court of jurisdiction. 28 U.S.C. § 1447(e).

■ When an amendment would destroy jurisdiction, most authorities agree that leave should be denied unless there exist strong equities in its favor. *See, e.g., Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987). In the case at bar, the putative reason the plaintiff failed to add Mr. Orr earlier does not resonate with this Court. Instead, it is more likely that the decision to add the non-diverse party was deliberately delayed until after the case had been assigned to a particular court in the Eastern District. In any event, the balance of interests in this case does not favor allowing the plaintiff's amended complaint. As such, the Plaintiff's Second Amended Original Complaint is hereby STRICKEN in its entirety.

### 3. The Plaintiff's Claim is Not Preempted by the STAA.

The Surface Transportation Assistance Act (STAA) makes it illegal for an employer to

take adverse action against an employee who has refused to violate a regulation, standard or order of the United States related to commercial motor vehicle safety or health. 49 U.S.C. § 31105. In the instant case, TNT makes the argument that the cause of action of which the plaintiff complains has been preempted by Section 405 of the STAA. In essence, the argument made by the defendant is that the procedural framework of Section 405 is the exclusive remedy for an employee's claim that he was discharged in retaliation for refusing to violate the Federal Motor Carrier Safety Regulations. This line of reasoning, which has been adopted by a number of courts,[1] assumes that the STAA is a comprehensive remedial scheme whose purposes cannot be accomplished unless state whistle-blower laws in this area are made void through preemption.

One can see that one could think the federal scheme [2] to be a careful balancing of needs among industry, employees, and the public. Indeed, some language of the Supreme Court could be read to support the idea that this federal safety scheme protects employers against the possibility of states affording too much protection to whistle-blowing employees: "[Section 405 was designed in part to] assure that [trucking industry] employers are provided protection from unjustified refusal by their employees to perform legitimate assigned tasks." *Brock v. Roadway Express, Inc.*, 481 U.S. 252, 263, 107 S.Ct. 1740, 1748, 95 L.Ed.2d 239 (1987).

This language, however, refers to the procedures by which various federal agencies determine what the interstate transportation laws are. In other words, it is salutary for the federal government to promulgate clear standards of care and procedure. The en-

forcement mechanisms, however, need not be uniform to effect the goal of safer highways.

■ Although the Fifth Circuit [3] has not addressed the issue previously, this Court is confident that the STAA was meant to act as a floor and not a ceiling of protection. Section 405 lays out a procedure for vindicating the rights of employees who refuse to carry out activities contravening federal regulations. In addition, states are able to afford additional protection for whistle-blowers. Federal law is involved in these state court actions only to the extent that the courts trying such cases will need to look to federal regulations to understand what the law is. The bottom line is that because Section 405 is a floor, allowing Texas to create additional protections for civic-minded employees does not frustrate Congress's purposes behind enacting the STAA.[4]

### 4. The Eastern District of Texas is an Improper Venue.

■ There has been much back and forth between the parties regarding whether proper venue lies in the Eastern District. In essence, the plaintiff argues that because the defendant did not object to the original state court venue in its initial pleadings, it has waived any improper venue argument. The argument put forth by the plaintiff is simply not the law. Federal courts are not bound by state court procedures. Furthermore, putting aside the notion of waiver, even if TNT and the plaintiff wanted to be in this Court, it takes three to tango. Parties cannot stipulate venue.

■ Because this Court can see no reason under 28 U.S.C. section 1391 that the Eastern District is a venue which bears a colorable relation to the events or parties of this

---

1. *Norman v. M.S. Carriers, Inc.*, 741 F.Supp. 148 (W.D.Tenn.1990); *Davis v. Customized Transportation, Inc.*, 854 F.Supp. 513 (N.D.Ohio 1994).

2. Specifically, Section 405 directs an aggrieved employee to lodge a complaint with the Secretary of Labor. The Secretary investigates the claim and either denies it or takes remedial action through enforceable orders. Judicial review of the agency decision can be sought only in the appropriate United States Court of Appeals.

3. The Fourth Circuit has found that a state statute prohibiting discharge of an employee for refusing to violate any law is not preempted by the STAA. *Parten v. Consolidated Freightways Corporation*, 923 F.2d 580 (8th Cir.1991).

4. Indeed, the Motor Carrier Safety Act was never intended to preempt the entire field of interstate safety. *Specialized Carriers & Rigging Ass. v. Commonwealth of Virginia*, 795 F.2d 1152 (4th Cir.1986).

action, let alone the question of convenience, this action will be transferred to a more appropriate forum.