Todd **DOBBEROWSKY**, Plaintiff,

v.

**CRYOGENIC TRANSPORTATION, INC., et. al.,** Defendants.

No. 97-CV-75071-DT.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 30, 1997.

Wayne L. Yashinsky, Troy, MI, John G. Makris, Troy, MI, for Plaintiff.

John W. Bryant, Detroit, MI, Robert L. Lepp, Detroit, MI, for Defendants.

## OPINION AND ORDER REMANDING CASE TO MACOMB COUNTY CIRCUIT COURT

ROSEN, District Judge.

### I. INTRODUCTION

On October 1, 1997, Defendants removed this action from the Macomb County Circuit Court alleging federal question subject matter jurisdiction under the Surface Transportation Assistance Act, 49 U.S.C. § 31105. After reviewing Defendants' Notice of Re-moval and Plaintiff's Complaint, it appeared to the Court that it may lack subject matter jurisdiction over the matter because Plaintiff's Complaint only alleged Michigan state law claims, and did not make any claims under the Surface Transportation Assistance Act.

On October 31, 1997, the Court ordered Defendants to Show Cause why the case should not be remanded to the Macomb County Circuit Court for lack of federal subject matter jurisdiction. On November 14, 1997, Defendants filed a Response to Order to Show Cause in support of its argument that federal jurisdiction existed.

### II. FACTS

On September 9, 1997, Plaintiff Todd Dobberowsky filed a Complaint in Macomb County Circuit Court against his employer Cryogenic Transportation, Inc., and against Cryogenic managers William Sikma and Clyde Downs in their individual capacities. According to Plaintiff, the facts are as follows.

Plaintiff began his employment with Defendant Cryogenic on December 12, 1996, as a truck driver. Beginning in January of 1997, Plaintiff began asking questions and complaining about certain employment practices of Cryogenic. On June 1, 1997, "Plaintiff filed a complaint with the Michigan Department of Transportation, Michigan Department of Consumer Services, Bureau of Safety and Regulation, General Industry Safety Division, regarding safety violations, falsified records and violations of hours of service requirements and employment practices of Defendant Corporation." (Plaintiff's Complaint, ¶ 10). On or about June 9, 1997, during a meeting in Defendant Downs' office, in the presence of Defendant Sikma and others, Plaintiff expressed to his supervisors his opposition to what he believed were unlawful employment practices of Defendant Cryogenic. On June 11, 1997, Defendants terminated Plaintiff's employment.

As a result of this termination, Plaintiff asserts state law claims under the Michigan Whistleblowers Protection Act ("WPA"),

MCLA 15.361 et seq. and under common law for breach of contract.

## III. *ANALYSIS*

■ Defendants first argue that Plaintiff's claims are preempted by § 31105(a) of the Surface Transportation Assistance Act ("STAA").[1] The Court need not resolve the issue of whether Plaintiff's claims are preempted by the STAA in order to rule upon the propriety of removal. As the Sixth Circuit recently noted:

> Removal and preemption are two distinct concepts. "The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted does not establish that they are removable to federal court." *Caterpillar[v. Williams]*, 482 U.S.[386] at 398, 107 S.Ct.[2425] at 2432[96 L.Ed.2d 318 (1987].

*Warner v. Ford Motor Company*, 46 F.3d 531, 535 (6th Cir.1995). Federal preemption may be used as a defense, but "as a defense it does not appear on the face of the well-pleaded complaint, and, therefore, does not authorize removal." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). Therefore, because the resolution of the preemption issue does not necessarily aid the Court in determining the propriety of removal, the Court leaves open the issue of whether the STAA preempts claims for retaliatory discharge, stemming from complaints an employer vio-

lated the Federal Motor Carrier Safety Regulations, and proceeds directly to the issue of whether removal was proper.[2]

### A. Removal Based on the Face of the Complaint

■ Defendants argue that Plaintiff's claims are removable because his complaint on its face alleges violations of federal law.

Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. And, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). Thus, a defendant may remove to federal court any civil action arising under the laws of the United States. Whether a particular civil action arises under the laws of the United States depends on application of the "well-pleaded complaint rule." Under that rule, "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) (citing *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908)). If the complaint relies only on state law, the district

1. That section states in pertinent part:
   (a) Prohibitions.—(1) A person may not discharge an employee, or discipline or discriminate against an employee regarding pay, terms, or privileges of employment, because—
   (A) the employee, or another person at the employee's request, has filed a complaint or begun a proceeding related to a violation of a commercial motor vehicle safety regulation, standard, or order, or has testified or will testify in such a proceeding; or
   (B) the employee refuses to operate a vehicle because—
   (i) the operation violates a regulation, standard, or order of the United States related to commercial motor vehicle safety or health; or
   (ii) the employee has a reasonable apprehension of serious injury to the employee or the public because of the vehicle's unsafe condition.
   (2) Under paragraph (1)(B)(ii) of this subsection, an employee's apprehension of serious injury is reasonable only if a reasonable individual in

the circumstances then confronting the employee would conclude that the unsafe condition establishes a real danger of accident, injury, or serious impairment to health. To qualify for protection, the employee must have sought from the employer, and been unable to obtain, correction of the unsafe condition.

2. Courts are currently divided on the issue of whether the STAA preempts state law claims predicated on retaliatory discharge. For cases holding that the STAA does not preempt such claims, *see, e.g., Parten*, 923 F.2d at 583; *Whitworth v. TNT Bestway Transportation, Inc.*, 914 F.Supp. 1434 (E.D.Tex.1996); *EEOC v. International Paper Co.*, 1992 WL 370850 (D.Kan.). For cases holding that the STAA does preempt such claims, *see, e.g., Norman v. M.S. Carriers, Inc.*, 741 F.Supp. 148 (W.D.Tenn.1990); *Davis v. Customized Transportation, Inc.*, 854 F.Supp. 513 (N.D.Ohio 1994).

court generally lacks subject matter jurisdiction and the action is not removable.

> [T]he plaintiff is the master of the complaint ... [and] may, by eschewing claims based on federal law, choose to have the cause heard in state court.... [A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99, 107 S.Ct. 2425, 2432–33, 96 L.Ed.2d 318 (1987).

Defendants argue that the essence of Plaintiff's complaint is that he was allegedly terminated for complaining about violations of the Federal Motor Carrier Safety Regulations. Defendants are presumably referring to the portion of Plaintiff's complaint which states:

> On or about June 1, 1997, Plaintiff filed a complaint with the Michigan Department of Transportation, Michigan Department of Consumer and Industry Services, Bureau of Safety and Regulation, General Industry Safety Division, regarding safety violations, falsified records and violations of the hours of service requirements and employment practices of Defendant corporation. *In particular, Plaintiff was concerned about unsafe conditions, improper repairs, requiring drivers to drive too many hours in violation of Federal Motor Carrier Safety Regulations.*

(Plaintiff's Complaint, ¶ 10) (emphasis added). Defendants, relying solely on the last sentence of this paragraph, argue that the face of the complaint raises an issue of federal law, thus making the action removable to federal court.

But this passing reference is insufficient to warrant the characterization that Plaintiff's complaint arises under federal law. An action arises under federal law under § 1331 if the federal law creates the cause of action or "the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841,

2855–2856, 77 L.Ed.2d 420 (1983). As a practical matter, virtually no court permits removal on the latter basis, as courts most often require that the complaint itself actually contain a federal claim. *See*, Schwarzer, Tashima, & Wagstaffe, *Federal Civil Procedure Before Trial*, § 2:697 (1997). The fact that a state law cause of action may require reference to a federal law or raise incidental federal issues is not enough to lead to removability. *See*, *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *Smith v. Industrial Valley Title Ins. Co.*, 957 F.2d 90 (3rd Cir.1992).

Here, it is undisputed that Plaintiff's cause of action was created by Michigan's Whistleblowers Protection Act ("WPA"), and not federal law. Furthermore, Plaintiff's relief is in no way contingent upon the resolution of a substantial question of federal law. In order to prove a prima facie case under the WPA, Plaintiff must demonstrate he was engaged in protected activity as defined under the WPA, that he was subsequently discharged, and that there is a casual connection between the protected activity and the discharge. *James v. HRP, Inc.*, 852 F.Supp. 620 (W.D.Mich.1994); *Wolcott v. Champion Intern. Corp.*, 691 F.Supp. 1052 (W.D.Mich. 1987); *Phinney v. Perlmutter*, 222 Mich.App. 513, 564 N.W.2d 532 (1997). The Act sets out the protected activity in § 15.362, which states in pertinent part:

> An employer shall not discharge, threaten, or otherwise discriminate against an employee ... because the employee ... reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States to a public body....

Thus, in order to satisfy his prima facie burden, Plaintiff must merely demonstrate that he was discharged because he reported the suspected violations. Plaintiff need not show that such a violation actually existed, which could require an interpretation of the Federal Motor Carrier Safety Regulations. The role of federal law in his claim is simply incidental, and is insufficient to give rise to

federal jurisdiction. The STAA simply does not create Plaintiff's claim, even though the employer may interpose that statute in its defense. This is so because even if the employer is correct that it did not violate the federal statute, it may nevertheless have violated the plaintiff employee's whistleblowers rights by retaliating against him for reporting what the employee believed to be a violation of the federal statute.

To hold otherwise would effectively convert the Michigan WPA into a federal cause of action in all those instances in which an employee was complaining of a violation of federal law. This is so because invariably the federal law which was the subject of the employee's complaint would be interposed by the employer as a defense, the employer claiming non-violation. Clearly, this cannot be said to covert the employee's state Whistleblowers action into a federal claim because the gravamen of the complaint remains the same, i.e., an action by the employee against the employer for retaliation for reporting a violation of the law (albeit federal law). To say that this would raise a federal claim would confuse the subject of the employee's initial report which gave rise to the disciplinary action with the legal basis for his state Whistleblowers action. This is clearly not the law. Therefore, Plaintiff's claims are not removable based on the face of the complaint containing federal claims or implicating substantial federal issues.

**B. Removal Based on Complete Preemption**

■ Despite Defendants failure to show that the face of Plaintiff's complaint alleges claims under federal law, Defendants may still remove the case based on an exception to the well-pleaded complaint rule. The Supreme Court has recognized some areas of federal legislation that are so comprehensive that they constructively convert state law claims that come within their scope into claims "arising under" federal law, creating a "complete preemption exception" to the well-pleaded complaint rule. *See Avco Corp. v. Aero Lodge No. 735, International Ass'n of Machinists,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463

U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The Supreme Court has, in recent years, demonstrated a reluctance to extend application of the "complete preemption" doctrine, and, in fact, has largely limited its finding of complete preemption to two federal statutes—the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA"), and the Employee Retirement Income Security Act, 29 U.S.C. § 1144(a) ("ERISA"). According to the Sixth Circuit, complete preemption applies only in the "extraordinary circumstance when Congress intends, not merely to preempt a certain amount of state law, but to transfer jurisdiction to decide the preemption question from state to federal courts." *Musson Theatrical, Inc. v. Federal Express Corporation,* 89 F.3d 1244, 1253 (6th Cir.1996).

The Supreme Court was even reluctant to extend the complete preemption doctrine to ERISA, even though it acknowledged that the Act had a "unique preemptive force." *Metropolitan Life,* 481 U.S. at 65, 107 S.Ct. at 1547. It was only after the Court was convinced—by virtue of the language in the jurisdictional grant in § 502(a) of ERISA and its similarity to the jurisdictional grant in § 301 of the LMRA—that Congress manifested a clear intent that claims relating to employee benefit plans be removable that the Court found the complete preemption doctrine applicable. *Id.* at 64, 107 S.Ct. at 1546. The Court continued on to note, however, that removal would be inappropriate absent a clearly manifested congressional intent to make certain state claims removable to federal court. *Id.* at 65, 107 S.Ct. at 1547.

Defendants argue that the jurisdictional and remedial language of the STAA, it legislative history, and its similarity to the framework of the LMRA and ERISA all support a finding that Congress intended to make Plaintiff's cause of action removable to federal court. Effectively, Defendants argue that the Court should extend the complete preemption doctrine to include claims under the STAA. As noted above, the Supreme Court has only extended the doctrine to the LMRA and ERISA, and courts in the Sixth Circuit have repeatedly denied applying it to other statutes. *See, e.g., Musson Theatrical, Inc. v. Federal Express Corporation,* 89 F.3d

1244 (6th Cir.1996) (complete preemption does not apply to the Airline Deregulation Act); *Strong v. Telectronics Pacing Systems, Inc.*, 78 F.3d 256 (6th Cir.1996) (complete preemption does not apply to claims involving the Medical Device Amendments to the Federal Food, Drug, and Cosmetics Act); *Harper v. TRW, Inc.*, 881 F.Supp. 294 (E.D.Mich.1995) (complete preemption does not apply to Fair Credit Reporting Act); *In re Air Disaster (Burke v. Northwest Airlines, Inc.)*, 819 F.Supp. 1352 (E.D.Mich. 1993) (complete preemption does not apply to the Federal Aviation Act).[3]

The Court declines to extend the extraordinary doctrine of complete preemption to the STAA. Contrary to Defendants' assertions, the text of the statute does not include any subsection that specifically confers jurisdiction to the federal courts. The STAA contains no section analogous to ERISA's 29 U.S.C. § 1132(f), which states:

> The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant relief provided for in subsection (a) of this section in any action.

Furthermore, the legislative history of the STAA does not contain a clear statement of the intention of Congress to make all claims in this area federal questions for the purposes of federal jurisdiction. As the Supreme Court noted in *Metropolitan Life*, "[t]he Conference Report on ERISA describing the civil enforcement provisions of § 502(a) says:"

> [W]ith respect to suits to enforce benefit rights under the plan or to recover benefits under the plan which do not involve application of the title I provisions, they may be brought not only in U.S. district courts but also in State courts of competent jurisdiction. *All such actions* in Federal or State courts *are to be* regarded *as arising under the laws of the United States in similar fashion to those brought under section 301 of the Labor–Management Relations Act of 1947.*

*Metropolitan Life*, 481 U.S. at 65–66, 107 S.Ct. at 1547–48 (emphasis added). The Court sees no evidence, in the text of the statute itself or in the legislative history, that Congress intended that to completely preempt this area of state law such that any claims in this area would be constructively converted to arise under federal law such as to provide removal jurisdiction. Given the Supreme Court's express reluctance to extend the doctrine of complete preemption, the Court declines Defendants' invitation to do so here. Thus, federal removal jurisdiction does not exist on the basis of complete preemption.

THEREFORE, because there is no basis for federal jurisdiction in this case,

IT IS HEREBY ORDERED that Plaintiff's claims be REMANDED to the Macomb County Circuit Court.

---

**3.** *See also, Rains v. Criterion*, 80 F.3d 339, 345 (9th Cir.1996) (suits for employment discrimination brought under state anti-discrimination laws not completely preempted); *Aaron v. National*

*Union Fire Ins. Co.*, 876 F.2d 1157, 1164 (5th Cir.1989) (claims under Longshore Harbor Workers' Compensation Act not removable as entirely preempted).