Charles F. GLASSCOCK, Jr., an individual, Plaintiff,

v.

ALLIANT FOODSERVICE, INC., a Delaware Corporation, Defendant.

No. CIV.99–860–BR.

United States District Court, D. Oregon.

May 9, 2001.

Rick Klingbell, Jolles & Bernstein, P.C., Portland, OR, for Plaintiff.

Francis L. Van Dusen, Jr., Miller Nash LLP, Seattle, Sharon L. Toncray, Miller Nash LLP, Portland, OR, for Defendant.

## OPINION AND ORDER

BROWN, District Judge.

This matter is before the Court on Defendant's Motion for Summary Judgment (# 42) and Defendant's Motions to Strike (# 61).

Plaintiff brought an action in which he alleged Defendant violated the Oregon Safe Employment Act when it terminated Plaintiff's employment. Plaintiff contends he was terminated in retaliation for his complaints about Defendant's alleged violations of the safety rules governing commercial motor vehicle drivers. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

For the reasons discussed below, Defendant's Motions to Strike are **GRANTED in part** and **DENIED in part** and Defendant's Motion for Summary Judgment is **DENIED.**

## SUMMARY OF RELEVANT FACTS[1]

Plaintiff applied for a drivers' position with Defendant and Plaintiff completed

---

1. This summary of undisputed facts is taken from Defendant's Concise Statement of Material Facts in Support of Motion for Summary Judgment by Defendant (# 44), Plaintiff's Concise Statement of Material Facts (# 56), and Defendant's Response to Plaintiff's Con-

and signed an employment application on April 17, 1997. Plaintiff listed a Colorado commercial drivers' license and Colorado license number on the application. Defendant hired Plaintiff as a commercial motor vehicle driver in Portland, Oregon, on May 7, 1997. Plaintiff drove a round-trip route from Springfield, Oregon, to Fife, Washington, during the majority of his employment.

Throughout the course of his employment, Plaintiff complained about Defendant's alleged unsafe workplace conditions and violations of Federal Motor Carrier Safety (FMCS) regulations. Defendant's supervisors and managers were unresponsive. On September 11, 1998, Plaintiff sent a letter to one of Defendant's supervisors in Fife, Washington, complaining of safety issues. Also in September 1998, Plaintiff called Defendant's headquarters in Deer Park, Illinois, and voiced complaints concerning the speed at which Defendant required its drivers to travel, the use of trailers that were over-length and over-weight, the use of spray skirts, and the requirement that drivers operate commercial vehicles while fatigued or otherwise impaired. About one and one-half weeks before he was discharged, Plaintiff complained to Defendant's Assistant Transportation Manager about safety concerns; told the assistant manager about Plaintiff's September 11, 1998, letter; and told the assistant manager Plaintiff planned to complain to the appropriate governmental agencies because Defendant had not acted on Plaintiff's concerns.

In September 1998, as part of the Standard Safety Services provided by Ryder Transportation Services, Ryder sent Defendant a copy of Plaintiff's driving record. Ryder stated Plaintiff had received three speeding violations and one license suspension within the past three-year period. The September 1998 letter from Ryder was the first notice Defendant had of Plaintiff's traffic violations and suspension.

Defendant discharged Plaintiff on September 30, 1998. Plaintiff was allegedly discharged for failing to disclose on his employment application that he had received a citation for speeding in April 1997 and that his driving privileges in Oregon had been suspended. Defendant also alleges it discharged Plaintiff for failing to report that he had received a second traffic citation for driving at an excessive speed on September 16, 1997.

### STANDARDS

Fed.R.Civ.P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show an absence of a genuine issue of material fact. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 500 (9th Cir.1992). If the moving party shows there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir.2000). Evidence that is not significantly probative does not present a genuine issue of material fact. *United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir.), *cert. denied*, 493 U.S. 809, 110 S.Ct. 51, 107 L.Ed.2d 20 (1989).

The substantive law governing a claim or defense determines whether a fact is material. *Addisu*, 198 F.3d at 1134. The Court must resolve against the moving

cise Statement of Material Facts (# 63). Any facts that were not denied by the other party are deemed admitted for purposes of Defendant's Motion pursuant to Local Rule 56.1.

Defendant has admitted some facts only for the purpose of its Motion for Summary Judgment.

party all reasonable doubts about whether genuine issues of material fact exist and the Court must view all inferences drawn from the facts in the light most favorable to the non-moving party. *Id.See also Snead v. Metropolitan Property & Cas. Ins. Co.,* 237 F.3d 1080, 1087 (9th Cir. 2001).

In a retaliatory discharge claim, summary judgment is inappropriate if, based on all the evidence, a rational trier of fact could find the employer took action for impermissibly discriminatory reasons. *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 889 (9th Cir.1994). The Ninth Circuit "require[s] very little evidence to survive summary judgment in a discrimination case, because the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by the fact finder, upon a full record." *Schnidrig v. Columbia Mach., Inc.,* 80 F.3d 1406, 1410, (9th Cir.) (citations and internal quotations omitted), *cert. denied,* 519 U.S. 927, 117 S.Ct. 295, 136 L.Ed.2d 214 (1996).

## DISCUSSION

### 1. DEFENDANT'S UNOPPOSED MOTIONS TO STRIKE

Defendant moves to strike certain evidence submitted by Plaintiff in opposition to Defendant's Motion for Summary Judgment. Defendant seeks to exclude from consideration the written order of a Washington Administrative Law Judge (ALJ) concerning. Plaintiff's claim for unemployment compensation and evidence that Defendant failed to discipline its other employees who falsified their employment applications regarding license suspensions and traffic citations. Plaintiff did not file a written opposition to Defendant's Motions to Strike,[2] and the time now has expired for doing so.

### A. The Washington ALJ's Decision Is Inadmissible

■ With respect to Plaintiff's opposition to Defendant's Motion for Summary Judgment, Defendant moves to strike all evidence and references to the Washington ALJ's initial decision concerning Plaintiff's claim for unemployment compensation. By statute, Washington does not permit the use of an ALJ's findings in later litigation. *See Keenan v. Allan,* 889 F.Supp. 1320, 1369 & 1369 n. 45 (E.D.Wash.1995) (citing Wash. Rev.Code § 50.32.097 (2000)), *aff'd,* 91 F.3d 1275 (9th Cir.1996). Such findings are not conclusive, binding, nor admissible as evidence in any separate action between the claimant and claimant's former employer in a United States Court. Wash. Rev.Code § 50.32.097 (2000).[3]

Defendant's Motion to Strike such evidence, therefore, is **GRANTED**. Exhibit 4

**2.** In a telephone communication initiated by the Court to determine whether Plaintiff had filed a written opposition to Defendant's Motions to Strike, Plaintiff's counsel stated Plaintiff "objected" to Defendant's Motions to Strike but did not intend to submit a written response.

**3.** Wash. Rev.Code § 50.32.097 (2000) (Applicability of finding, determination, etc., to other action) provides:

Any finding, determination, conclusion, declaration, or final order made by the commissioner, or his or her representative or delegate, or by an appeal tribunal, administrative law judge, reviewing officer, or other agent of the department for the purposes of Title 50 RCW [Unemployment Compensation], shall not be conclusive, nor binding, nor admissible as evidence in any separate action outside the scope of Title 50 RCW between an individual and the individual's present or prior employer before an arbitrator, court, or judge of this state or the United States, regardless of whether the prior action was between the same or related parties or involved the same facts or was reviewed pursuant to RCW 50.32.120 [Procedure for judicial review].

attached to the Affidavit of Rick Klingbeil in Support of Plaintiff's Response (Klingbeil Affidavit) (# 57) and any reference to that exhibit and/or its contents are stricken from the summary judgment record and will not be considered by the Court in evaluating Defendant's Motion for Summary Judgment.

### B. Defendant's Motion to Strike Based on Plaintiff's Violation of the Stipulated Protective Order Is Denied as Moot

Defendant moves to strike Exhibits 4 through 17 of the Klingbeil Affidavit and related Facts 9 through 17 of Plaintiff's Concise Statement of Material Facts (# 56) because Plaintiff failed to comply with the Stipulated Protective Order (# 7) in this action. The Protective Order provides in relevant part that confidential information should not be included in any pleadings available to the public but should be filed under seal. Plaintiff, nevertheless, included such information and documents in the pleadings maintained by the Court Clerk's office in the public file. Plaintiff initially made no effort to file such materials with the Court under seal.

Shortly after Defendant filed its Motion to Strike, however, Plaintiff filed a Motion to File Documents Under Seal (# 66), which the Court granted in an Order issued on April 10, 2001(# 68). The Court considers the matter moot with respect to Defendant's Motion to Strike because Plaintiff's counsel took reasonably prompt corrective action. Defendant's Motion, therefore, is **DENIED** as moot on this issue.

### C. Defendant's Alternative Motion to Strike Evidence Concerning Defendant's Treatment of Other Employees Is Granted

 Defendant moves to strike all evidence and argument by Plaintiff regarding Defendant's treatment of other employees

whom Plaintiff asserts engaged in similar conduct but were not terminated or disciplined. Defendant asserts it was not aware of the other employees' conduct when Plaintiff was terminated. Defendant further contends only information known to Defendant at the time of Plaintiff's discharge is relevant to Defendant's motivation.

Defendant's Motion is **GRANTED** in the absence of any opposition by Plaintiff. The parties may raise the issue again, however, if Plaintiff indicates he intends to introduce such evidence at trial.

### 2. DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT

Defendant argues the Court should grant summary judgment for the following reasons: Plaintiff did not engage in any activity covered under the Oregon Safe Employment Act when he complained about alleged violations of FMCS regulations; the exclusive remedy for alleged discrimination based on reporting or resisting violations of FMCS regulations is set forth in the Surface Transportation Assistance Act (STAA); and Defendant discharged Plaintiff for legitimate, non-discriminatory reasons.

### A. Plaintiff's Alleged Complaints Relate to the Oregon Safe Employment Act

Or.Rev.Stat. § 654.062(5)(a) provides in relevant part that it is an illegal employment practice for an employer to:

> bar or discharge from employment or otherwise discriminate against any employee or prospective employee because such employee has opposed any practice forbidden by [the Oregon Safe Employment Act], [or] made any complaint or instituted or caused to be instituted any proceeding under or related to [the Oregon Safe Employment Act] . . . .

■ Defendant originally argued Plaintiff complained only about violations of FMCS regulations and did not complain about matters expressly regulated under the Oregon Safe Employment Act. Defendant contended, therefore, Plaintiff did not engage in any activity encompassed in Or. Rev.Stat. § 654.062(5)(a); thus, summary judgment should be granted dismissing Plaintiff's Complaint.

After reviewing Plaintiff's Memorandum in Response to Defendant's Motion (# 55), however, Defendant conceded, for the purpose of its Motion only, Plaintiff's allegations of Defendant's FMCS-regulation violations fall within the Oregon Safe Employment Act. The Court concludes Defendant's original Motion lacked merit on this point because "if plaintiff can establish that he suffered discrimination at his employment because he made a complaint 'related to' safe and healthful working conditions, he has met the elements necessary to establish a claim under ORS 654.062(5)(a)." *See Butler v. Oregon Dept. of Corrections,* 138 Or.App. 190, 201–02, 909 P.2d 163 (1995). Accordingly, the portion of Defendant's Motion premised on the scope of Or.Rev.Stat. § 654.062(5)(a) is denied.

### B. *Plaintiff's Claims Are Not Preempted by the STAA*

■ Defendant asserts Plaintiff's action for retaliation is preempted by the STAA. Defendant points out the STAA contains a remedy for alleged discrimination based on reporting or resisting violations of FMCS regulations. In support of its contention, Defendant relies on district court decisions from Ohio and Tennessee that recognize the preemptive affect of the STAA framework. *See Davis v. Customized Transp. Inc.,* 854 F.Supp. 513, 518 (N.D.Ohio 1994) (the administrative procedure in Section 405 of the STAA provides the exclusive remedy for a plaintiff's state law retaliatory discharge claim related to FMCS regu-

lations). *See also Norman v. M.S. Carriers, Inc.,* 741 F.Supp. 148, 150 (W.D.Tenn. 1990) (the court held the STAA preempted an employees' state law claim that he was discharged for refusing to violate FMCS regulations).

Plaintiff counters the Court should follow the reasoning of a district court in California and decline to find that state law remedies are preempted by the STAA. *See Germann v. Vulcan Materials Co.,* 106 F.Supp.2d 1010, 1015 (S.D.Cal.2000). In *Germann,* the court held the STAA did not preempt state law remedies for retaliation against an employee who refused to violate federal safety regulations. The California court concluded a finding of preemption was contradicted by the legislative history of the STAA:

[T]ranscripts of the Congressional hearings provide the Court with valuable guidance. During the congressional hearings, Senator Charles Percy expressed his concern surrounding the preemptive effect of the STAA over 'other avenues of relief and remedies that might be available to employees under union contracts, or statutory or common law.' S. Cong. Rec. 32511, December 19, 1982. Senator John Danforth, the principal author of the STAA answered that '[t]he driver protection provisions of title IV are most certainly intended to strengthen, not displace, any existing remedies employees may have at law.' *Id.* It is clear from these excerpts that the STAA was not enacted to completely preempt state law remedies for retaliation against an employee who refuses to violate safety provisions. *See Todd v. Frank's Tong Service, Inc.,* 784 P.2d 47, 49–50 (Okla.1989) (noting that Congressional intent surrounding enactment of the STAA demonstrates that state law claims are not preempted); *see also Parten v. Consolidated Freightways Corp.,* 923 F.2d 580, 583 (8th Cir.1991)

(concluding that the Minnesota public policy statute was not an obstacle to the STAA and that Congress did not intend to occupy the entire field of interstate motor carriers).

*Id.*

In *Norman* the court observed there is no express language in the STAA that provides the procedural framework in Section 405 is an exclusive remedy. 741 F.Supp. at 150. Further, neither *Norman* nor *Davis* examined or relied upon the intent of Congress as expressed in the legislative history of the STAA. In the absence of any controlling Ninth Circuit authority, therefore, the Court agrees with and adopts the reasoning of the *Germann* court. Accordingly, the Court concludes Plaintiff's state law claim is not preempted by the STAA. Plaintiff's Motion based on its preemption argument, therefore, is denied.

### C. *A Genuine Issue of Material Fact Exists on Whether Defendant Discharged Plaintiff for Legitimate, Non-discriminatory Reasons*

Defendant asks the Court to rule as a matter of law that it had legitimate and non-discriminatory reasons for terminating Plaintiff's employment and that Defendant's termination of Plaintiff was not pretextual. Defendant argues Plaintiff was terminated because he did not reveal his driving privileges in Oregon were suspended at the time he applied for employment, he affirmatively misrepresented his license was not suspended, and he did not report he had received one or more citations in Oregon for driving at excessive speeds. Defendant maintains Plaintiff was terminated shortly after Defendant first learned about Plaintiff's driving record and Plaintiff's failure to disclose it. Defendant further avers it cannot and does not permit drivers to operate vehicles when their driving privileges are suspended.

Plaintiff asserts the application he completed when he applied for employment required him to state whether he held a valid drivers' license and whether it had ever been suspended or revoked. Plaintiff contends he answered both questions truthfully. Plaintiff argues, however, Defendant sometimes used an alternative application that inquired whether the applicant had ever been denied driving privileges or had ever had such privileges revoked or suspended. Plaintiff asserts Defendant did not provide Plaintiff with the form of application that required information about the suspension of privileges; therefore, Plaintiff did not make any misrepresentations on his application. Plaintiff also asserts he reported his traffic violations orally and in writing to his dispatcher, Robin Taft, whom he understood to be one of his supervisors.

Additionally, Plaintiff counters the close proximity in time between his September 1998 written and oral complaints and threat to alert governmental authorities and his discharge raises strong inferences that his discharge was retaliatory. Plaintiff states the oral complaints he made to his managers and supervisors from late 1997 through August 1998 were laughed off and ignored. Plaintiff contends, however, Defendant reacted differently in September 1998 when Plaintiff for the first time put his complaints in writing, raised his complaints outside the realm of Defendant's regional management, and threatened to report his concerns to governmental agencies.

Plaintiff also notes the letter from Ryder that first notified Defendant of Plaintiff's driving violations and suspension of driving privileges was dated September 3, 1998. Plaintiff points out on September 11, 1998, he wrote a letter expressing his concerns over safety issues to one of Defendant's supervisors. Later in Septem-

ber 1998, Plaintiff also called Defendant's headquarters in Deer Park, Illinois, and complained about safety issues. Additionally, Plaintiff observes he complained to Defendant's Assistant Transportation Manager about one and one-half weeks before he was terminated, and Plaintiff threatened to report his concerns to appropriate governmental authorities. Defendant discharged Plaintiff on September 30, 1998. Plaintiff argues a reasonable jury relying on the above recited facts and viewing all inferences in Plaintiff's favor, could find Plaintiff's complaints were a substantial factor in his termination and Plaintiff's discharge was in retaliation for his complaints.

In an action alleging retaliatory discharge, a claimant-employee must "establish a 'causal connection' between a protected activity and the discharge." *Estes v. Lewis and Clark College,* 152 Or.App. 372, 381, 954 P.2d 792, *review denied,* 327 Or. 583, 971 P.2d 411 (1998) (citation omitted). The employee's protected activity must have been a "substantial factor" in the employer's motivation to discharge the employee. *Holien v. Sears, Roebuck and Co.,* 298 Or. 76, 90 n. 5, 689 P.2d 1292 (1984). To comprise a substantial factor, the employer's wrongful purpose "must have been 'a factor that made a difference' in the discharge decision." *Estes,* 152 Or. App. at 381, 954 P.2d 792 (quoting *Nelson v. Emerald People's Utility Dist.,* 116 Or. App. 366, 373, 840 P.2d 1384 (1992), *aff'd in part, rev'd in part,* 318 Or. 99, 862 P.2d 1293 (1993)).

■ The Court finds a genuine issue of material fact exists concerning whether Plaintiff's safety-related complaints in September 1998 made a difference in Defendant's discharge decision. Plaintiff's Motion, therefore, is denied.

*CONCLUSION*

Based on the foregoing, Defendant's Motion to Strike (# 61) is **GRANTED in part and DENIED in part**, and Defendant's Motion for Summary Judgment (# 42) is **DENIED**.

IT IS SO ORDERED.